UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 17-3130-GW (RAOx) | Date | June 7, 2017 |
|---|---|---|---|
| Title | *New Amsterdam Coffee & Tea Co., LLC, et al. v. Dady, et al.* | | |

| Present: The Honorable | GEORGE H. WU, United States District Judge |
|---|---|

| Javier Gonzalez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS): **ORDER TO SHOW CAUSE RE DIVERSITY JURISDICTION**

On February 28, 2017, New Amsterdam Coffee & Tea Co., LLC, Jenmax Enterprises, LLC, NACT Management Company, LLC, NACT Southern Connecticut, LLC, NACT Northern New Jersey, LLC, NACT Boroughs, LLC, Ira Smedra, and Jeffery Srulowitz (collectively, "Plaintiffs") sued J. Michael Dady and Dady & Gardner, P.A. (together, "Defendants") in Los Angeles County Superior Court, asserting claims for legal malpractice, breach of fiduciary duty, breach of contract, and breach of the implied covenant of good faith and fair dealing. Defendants removed the matter to this Court on April 26, 2017, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Docket No. 1 at 4:4-8. Defendants filed a Motion to Transfer Venue on June 1, 2017, and set it for hearing on July 10, 2017. *See* Docket No. 10. In addition, a Scheduling Conference is set in this matter for June 22, 2017. *See* Docket No. 9.

This Court has an obligation to ensure that subject matter jurisdiction exists before proceeding. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (indicating that courts must assure themselves of the existence of subject matter jurisdiction before proceeding); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (same). "The party asserting federal jurisdiction has the burden of showing the case meets the statutory requirements for the exercise of federal jurisdiction and therefore belongs in federal court." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010).

Defendants claim that this Court has original jurisdiction based on the parties' complete diversity of citizenship. *See* Docket No. 1 at 4:4-8. However, unlike standard corporations, the citizenship of a limited liability company ("LLC") is based on the citizenship of all members in the LLC – a rule that Defendants appear to recognize in their Notice of Removal. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Platoon Invs., LLC v. Zapata*, No. CV 14-477-GW (MANx), 2014 WL 12695570, *1 (C.D. Cal. Feb. 14, 2014) (quoting *Johnson*); s*ee generally* Docket No. 1 at 2:23-3:28. "If any member of a limited liability company . . . is itself a partnership or association (or another LLC), the federal court needs to know the citizenship of each submember as well." *Lafountain v. Meridian Senior Living, LLC*, No. CV 15-03297-RGK (PJWx), 2015 WL 3948842, *2 (C.D. Cal. June 29, 2015).

In their removal papers, Defendants assert that this Court has subject matter jurisdiction over the action because: (1) the case presents claims totaling more than the $75,000 minimum; (2) Defendant J. Michael Dady is an individual domiciled in Minnesota; (3) Defendant Dady & Gardner, P.A. is a

Minnesota corporation with its principal executive office in Minnesota; and (4) no member of any plaintiff LLC is domiciled in Minnesota.  *See* Docket No. 1 at 2:23-3:28.  Yet Defendants have failed to identify the members – and submembers, if any – of the plaintiff LLCs.  *Id.*  Defendants merely allege that Plaintiffs are limited liability companies with principal places of business outside of the State of Minnesota, and, on information and belief, that none of Plaintiffs' members are domiciled in Minnesota.  *Id.* at 3:1-3:24.

At this stage, the diversity of citizenship allegations are deficient.  *See generally Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. App'x 62, 64-65 (9th Cir. 2011) (finding defendant LLCs failed to satisfy their burden to show complete diversity of citizenship, where they failed to state citizenship of LLC members and instead simply asserted that none of the members were citizens of the same state as the plaintiff, Oregon);[1] *Satarco Kish Trading, LLC v. Wamar Int'l Grp., LLC*, No. CV 15-05206 BRO (JCx), 2015 WL 12656920, *1 (C.D. Cal. Jul. 16, 2015) (noting that proper pleading of LLC citizenship requires identification of LLC's owners or members, and allegation of every state of which every owner or member is a citizen); *Airtex Prods., L.P. v. Am. Home Assur. Co.*, No. ED CV 11-01198 SJO (DTBx), 2011 WL 4527436, *2 (C.D. Cal. Sept. 16, 2011) ("Without knowing the identity or citizenship of the members and partners of the Plaintiff companies, the Court cannot possibly determine whether complete diversity exists in this case."); *accord Teleflora LLC v. WB Commerce LLC*, No. CV 15-07176 SJO (SHx), 2015 WL 6951707, *1 n.2 (C.D. Cal. Nov. 10, 2015) (citing *Lindley*, 414 Fed. App'x at 64).

If Defendants wish to have their pending motion remain on calendar for July 10, 2017, they have until June 14, 2017 to present the Court with evidence – in the form of a stipulation from Plaintiffs or otherwise – setting forth: (1) the identity of the plaintiff LLCs' members, and (2) their citizenship(s) (<u>not</u> merely where they are <u>not</u> citizens).  If Defendants (who, according to the allegations of the Complaint, *see* Docket No. 1-2 ¶¶ 2, 32, were once Plaintiffs' legal counsel) do not already possess that information, and Plaintiffs are unwilling to voluntarily provide the necessary information or to stipulate to it, the Court will entertain a request at the June 22 Scheduling Conference for Defendants to take jurisdictional discovery on the issue.

The Court further orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

Deputy Clerk - JG

---

[1] The Court recognizes that *Lindley* is not binding precedent.  Instead, this case is cited only for its strong persuasive value with respect to proper pleading of diversity for LLCs.  *See* 9th Cir. R. 36-3(a)-(b); Fed. R. App. P. 32.1(a).